## Commonwealth v. Moultrie

---

*J. David Wise,* for appellant.

*Marshall M. Cohen, Jacques H. Fox,* Assistant Attorneys General; *William C. Sennett,* Attorney General, for Commonwealth.

LIPSITT, J., September 29, 1969.—The Department of Public Welfare, Commonwealth of Pennsylvania, has presented a motion to quash the appeal taken by Ella Moultrie from a decision of the said department.

Appellant, Mrs. Moultrie, is a recipient of public assistance who, prior to January 15, 1969, had been receiving a special diet allowance in addition to the regular allowance. Effective as of January 15, 1969, the special diet allowance was subjected to statewide cancellation because of a general increase in basic allowances from 70 percent to 90 percent of the minimum standard for health and decency. After receiving notice of this change, Mrs. Moultrie requested a fair hearing to present her objections to the action. A hearing was held in Philadelphia on March 12,

1969, where Mrs. Moultrie, represented by counsel, presented testimony pertaining to the issue.

By letter dated May 6, 1969, Mrs. Moultrie was informed by the Secretary of Public Welfare that her request for reinstatement of the special diet allowance was denied. The said letter stated:

"Based on the information obtained at the hearing, I find

"(1) The decision of the Philadelphia County Board of Assistance to terminate the $6.00 monthly special diet allowance on January 15, 1969 is correct and in accord with this Department's regulations that became effective January 1, 1969 which eliminated all special diet allowances while simultaneously providing for increases in basic public assistance allowances from 70 percent to 90 percent of the minimum standard for health and decency.

"Therefore, the Department regards the increase from 70 percent to 90 percent for basic allowances as providing for the special dietary needs of individuals eligible for assistance. We believe these procedural changes are consistent with Section 408(a) of the Public Welfare Code."

In the same letter, Mrs. Moultrie was informed that she had the right of appeal to the Dauphin County Court of Common Pleas.

The present appeal was filed in the Dauphin County court on August 11, 1969. The Commonwealth claims that the time allowed for the taking of an appeal had expired. Appellant claims that the letter of May 6, 1969, did not constitute an adjudication and being invalid as such could not set in motion the time period allowed for the appeal.

The Administrative Agency Law of June 4, 1945, P. L. 1388, sec. 41, 71 PS §1710.41, provides for judicial appeal to the Court of Common Pleas of Dauphin County and the time period allowed for taking such

appeal. Prior to December 2, 1968, when Act No. 354 of the 1968 session of the General Assembly, 71 PS §1710.46, became effective, there was no right to judicial review to public assistance recipients who were denied assistance. Under the aforementioned act, a new section 47 to the Administrative Agency Law, supra, authorizes an appeal where heretofore there was no right to one, but makes it mandatory that the appeal be subject to the applicable Pennsylvania Rules of Civil Procedure, in this case, rule no. 4. This rule provides that an appeal must be made within 30 days after service of an adjudication by an agency. If the letter of May 6, 1969, which was sent immediately to appellant and her counsel, is construed to be an adjudication, then the appeal taken to this court on August 11, 1969, cannot be allowed, as the time lapse beyond the allowable period is fatal: State Board of Pharmacy v. Zalstein, 73 Dauph. 186 (1958).

In opposition to the motion to quash, appellant argues that the letter of May 6, 1969, was defective as an adjudication, in that it did not contain findings and reasons, as required by section 34 of the Administrative Agency Law, 71 PS §1710.34. It is contended that the Department of Public Welfare consistently fails to observe the time requirements set forth in its own regulations as well as Federal regulations. It is pointed out, for example, that Federal regulations require a hearing to be held and a decision rendered within 60 days from the date of request for such hearing and that in this case 100 days passed between the time that the request was made for a hearing and the response of the department. Moreover, it is noted that the department's own regulations require a decision to be rendered by the secretary within 30 days after the hearing, and in this situation more than 30 days passed between the date of the hearing and the letter of May 6th.

After receipt of this letter, counsel for appellant sent letters on May 14, June 19 and July 11, 1969, stating that the May 6th letter did not constitute a notice of decision, which is the departmental word for "adjudication." After the last letter was received by the department, there was a response by the secretary, dated July 14, 1969, wherein he refused to give further consideration to matters requested by appellant and reiterated that Mrs. Moultrie had the right of appeal to the Dauphin County Court of Common Pleas. After receipt of the letter of July 14th, appellant then filed her appeal on August 11, 1969. Appellant argues that by filing the appeal within 30 days of July 14, 1969, she duly met the time requirements, since this was the date upon which appellant first reasonably became aware that an adjudication had been served upon her.

The real difficulty in this case is appellant's determination that the letter of May 6, 1969, did not constitute an adjudication. It may be thought that appellant was misled by the correspondence and, perhaps, that the appeal time was waived by the department due to its statement of appellant's appeal rights in the letter of July 14, 1969. However, on analysis, the delay caused by the correspondence was due merely to the act of appellant or her counsel. Nor is the fact that the department itself failed to observe its own time requirements under Federal or State regulations of any avail to this appellant. The appeal time is statutory and, if not met, the omission is decisive.

While it can be argued that as an adjudication the letter of May 6th was somewhat informal, it cannot be said that it did not include a finding and a reason therefor. As such, it did meet the standards of section 34 of the Administrative Agency Law, 71 PS §1710.34. The mere fact that the adjudication is in nontechnical language and possibly not in the customary form

does not change its legal efficacy. Although appellant would like to have the decision make reference to certain aspects of the needs of this plaintiff, there is no requirement which makes such specific finding necessary to effectuate the basis for the decision.

Accordingly, September 29, 1969, the motion to quash is sustained.